■ In the Matter of the Final Accounting of IRVING TRUST COMPANY, as Trustee of the Trust for the Benefit of NORMA P. BARTLETT, under the Will of EDWARD O. BARTLETT, Deceased, Respondent. SPRINGFIELD HOSPITAL, Appellant; ANN N. SMITH et al., Respondents.— In a proceeding for the judicial settlement of the final account of the trustee under testator's will and for the judicial construction of said will (as amended by three codicils), one of the legatees, Springfield Hospital, appeals from so much of a decree of the Surrogate's Court, Dutchess County, dated November 30, 1959, as: (1) construes the will to mean that upon the termination of the trust on the death of the life tenant on September 2, 1958, said legatee became entitled to the value, computed as of that date, of 1,000 shares of the common stock of a named fire and marine insurance company, which amounts to $30,500; (2) directs distribution accordingly among the parties of the remaining principal and income of the trust; and (3) settles the account on that basis. Decree, insofar as appealed from, reversed on the law and the facts, with costs to all parties filing briefs payable out of the estate; and proceeding remitted to the Surrogate's Court for the entry of a decree in accordance herewith. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The testator's will, as amended by the codicils, directs the erection of a trust of the "entire estate" to pay the income to testator's widow and his two nieces during the widow's life; and out of the remainder to give 1,000 shares of stock in said insurance company to the hospital, to give $25,000 to each of the two nieces (respondents Ann N. Smith and Emeline N. Edwards), and to erect a further trust out of any additional residue. The testator died in 1930. The trust was erected and the aforesaid shares of stock became part of the corpus. In a proceeding in 1932 to construe testator's will, it was determined that the gift of stock to the hospital and the $25,000 gifts to the nieces were general legacies payable out of the remainder of the first

trust, and that if the remainder were insufficient to satisfy all such legacies in full the amounts of the three legacies must abate proportionately. All parties acquiesced in such construction. At the time of testator's death the 1,000 shares of stock had a par value of $25 each, and were of the actual value of $131,000. The trust terminated in 1958. In the interim and prior to its termination, the insurance company had split its shares twice, reducing their par value to $10 in 1947 and to $2 in 1958. At the time of the 1958 split the insurance company also gave preferred shares as a dividend to the holders of the common shares. Upon the termination of the trust in 1958 shortly after the last stock split, it appeared that the gross remainder of the trust was approximately $117,000. At that time the "converted" value of 1,000 shares with a $25 par value was $135,678.31. The controversy between the parties is as to whether the value of the hospital's bequest of 1,000 shares is to be measured by the 1958 equivalent of 1,000 shares of $25 par value stock or 1,000 shares of $2 par value stock. The parties agree that the hospital's bequest may be determined and paid in the form of money rather than shares of stock. The learned Surrogate held that the testator intended that the hospital should share his estate with the two nieces and not that the hospital should take all and exclude the nieces. Accordingly the decree measures the amount of the hospital's bequest by the value of 1,000 shares of $2 par value, as of September 2, 1958, the date of termination of the trust; and, so measured, the value is computed at $30,500. In our opinion the will and codicils, considered in the light of all the relevant facts and circumstances, evidence testator's intention to give to the hospital 1,000 shares of stock of the par value of $25 each. That appears from the fact that in the will and second codicil testator gave 315 shares to the hospital. Thereafter the stock was split four to one, and testator executed a further codicil increasing the hospital's bequest to 1,000 shares. Such intention also appears from additional facts in the stipulation of facts and from matters of official record which are included as part of the stipulation. The 1932 decree properly construed the bequests to the hospital and to the two nieces as general legacies subject to abatement in the event of a deficiency. Therefore, we conclude that the relative interests of the respective legatees in the reduced sum available for distribution should be measured by reference to the values of their bequests at the time of termination of the trust on September 2, 1958, namely: in the proportions of $135,678.31, $25,000, and $25,000; and that the amounts of the distributions to the respective legatees should abate accordingly. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur. [18 Misc 2d 397.]